

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00033-CR

---

ROBERT LYNN MCCARVER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR01260

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

In the fall of 2011, after pleading guilty to the offense of aggravated assault with a deadly weapon,[1] Robert Lynn McCarver was placed on deferred adjudication community supervision for a period of eight years, was ordered to pay a $50.00 Crime Stoppers' fee and was ordered to serve seventy-five days in jail as a condition of community supervision.[2]

In September 2012, the State filed a motion to proceed with adjudication, alleging that McCarver was delinquent in the payment of court costs. The motion further alleged McCarver made a terroristic threat in April 2012, committed the offense of harassment in May 2012, and committed assault causing bodily injury in August 2012. McCarver thereafter signed written plea admonishments, indicating a plea of true to allegations one (failure to pay court costs) and four (assault causing bodily injury) and seeking sentencing by the court.[3]

During the revocation hearing, McCarver pled true to allegations one and four, and a written judicial confession to these allegations, signed by McCarver and his attorney, was admitted into evidence without objection. The trial court revoked McCarver's deferred adjudication, adjudged him guilty of aggravated assault with a deadly weapon, and sentenced

---

[1]TEX. PENAL CODE ANN. § 22.02 (West 2011).

[2]An amended order of deferred adjudication was entered on the same day as the original order, supplementing conditions of community supervision to reflect that the State did not object to work release. Approximately one month later, the State moved to proceed with adjudication, alleging McCarver violated the terms of his community supervision by failing to abstain from the use of alcoholic beverages on December 10, 2011, when McCarver reported to the jail from work release and had been drinking alcohol. McCarver's community supervision was modified to require that he serve 130 days in the Red River County Jail.

[3]Paragraph one of the motion to revoke claimed McCarver was delinquent in the payment of court costs, paragraph two claimed McCarver committed the offense of harassment while on community supervision, paragraph three claimed McCarver committed the offense of terroristic threat while on community supervision, and paragraph four claimed McCarver committed the offense of assault causing bodily injury while on community supervision.

him to twenty years' incarceration. McCarver stated, in open court, that trial counsel advised him of the rights that would be waived on signing the admonishment and, further, that he explained the effect of waiving those rights. McCarver indicated that he fully understood the plea admonishment and had no questions concerning the admonishment or the hearing. McCarver pled true, in open court, to allegations number one and four, as set out in the motion to revoke. McCarver pled not true to allegations two and three of the motion.[4]

McCarver's complaints stem from the fact that the adjudication hearing actually encompassed four separate motions to adjudicate. The instant matter involves adjudication for the offense of aggravated assault with a deadly weapon in trial court cause number CR01260. The three remaining matters involve adjudication for the offense of child endangerment,[5] and two adjudications for the offense of deadly conduct.[6] Each of the trial court matters included a motion to adjudicate. McCarver pled true to allegations one and four of each of the motions to adjudicate.[7] While paragraph one in each such motion is identical (except as to amount), paragraph four is not. The first allegation in each motion states that McCarver was delinquent in the payment of court costs. Allegation four in the motion to adjudicate in this matter claimed that McCarver violated the terms of his community supervision by committing the offense of

---

[4]The State abandoned allegations two and three.

[5]The judgment adjudicating guilt in trial court cause number CR01229 is the subject of a separate opinion, of even date, bearing appellate cause number 06-13-00032-CR.

[6]The judgment adjudicating guilt in trial court cause number CR01215 is the subject of a separate opinion, of even date, bearing appellate cause number 06-13-00030-CR. The judgment adjudicating guilt in trial court cause number CR01228 is the subject of a separate opinion, of even date, bearing appellate cause number 06-13-00031-CR.

[7]On the first page of the admonishments concerning the motion to revoke or to proceed to adjudication, the following is in bold capital letters: "DEFENDANT PLEADING TRUE TO ALLEGATIONS I & IV AND OPEN TO COURT FOR SENTENCING."

assault causing bodily injury. However, paragraph four of the motion to revoke in trial court cause number CR01215 states that McCarver failed to pay a Crime Stoppers' fee—an allegation not contained in the underlying motion to adjudicate.[8]

Based on this difference, McCarver contends that he could not have voluntarily, knowingly, and intelligently entered a plea of true because the record does not reflect that he fully understood the nature of the accusations against him. In a similar vein, McCarver contends the trial court erred in accepting his plea of true because it was ambiguous. This, he claims, was a violation of his due process rights.[9]

We addressed these issues in detail in our opinion of this date on McCarver's appeal in cause number 06-13-00030-CR. For the reasons stated therein, we likewise conclude that error has not been shown in this case.

---

[8] We take judicial notice that allegation four in the motions to adjudicate filed in trial court cause numbers CR01228 and CR01229 stated that McCarver committed the offense of aggravated assault while on community supervision. We take judicial notice that allegation four in the motion to adjudicate filed in trial court cause number CR01215 stated that McCarver failed to pay a Crime Stoppers' fee. *See* TEX. R. EVID. 201 (concerning judicial notice of adjudicative facts).

[9] In this case, it appears the state intended to pursue the aggravated assault allegation as listed in paragraph four. After McCarver entered his plea, evidence was presented on the allegation that McCarver committed the offense of assault causing bodily injury as alleged in paragraph four of the motion to adjudicate. The evidence showed that McCarver assaulted his female companion and, among other things, exerted enough force to fracture her leg. This evidence was relevant only to the allegation of assault as set out in paragraph four.

We affirm the judgment of the trial court.



Jack Carter
Justice


Date Submitted:     August 7, 2013
Date Decided:      August 8, 2013

Do Not Publish